THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARLON A. SMITH,<br><br>         Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO ALTER OR AMEND A JUDGMENT**<br><br>Case No. 2:21-cv-0081-DN<br><br>District Judge David Nuffer |

Petitioner Marlon A. Smith ("Smith") filed an Amended Petition[1] to vacate his conviction pursuant to 28 U.S.C. § 2255. On August 13, 2021, Smith's Amended Petition was denied by a Memorandum Decision and Order ("Order").[2] Smith timely filed a Motion to Alter or Amend a Judgment ("Motion")[3]. For the following reasons, Smith's Motion is denied in part, but granted in part to clarify a certificate of appealability will be denied.

## DISCUSSION

Smith's Motion seeks to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).[4] "Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'"[5] After careful review of Smith's claims, all of them either

---

[1] Motion to Amend 28 U.S.C. 2255 Habeas Corpus Petition, docket no. 17, filed May 3, 2021, and Memorandum of Law in Support of Granting Movant Smith's 2255 Petition, docket no. 11, filed May 3, 2021.

[2] Memorandum Decision and Order Denying Smith's Amended 28 U.S.C. § 2255 Motion, docket no. 22, filed August 13, 2021.

[3] Docket no. 24, filed September 14, 2021.

[4] *Id*. at 1.

[5] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

"revisit issues already addressed or advance argument that could have been raised[6] in the prior briefing."[7] A Rule 59(e) motion is an inappropriate vehicle to advance such claims.[8] "Courts will not entertain arguments that could have been but were not raised before the just-issued decision."[9] And none of Smith's contentions constitute the type of "extraordinary circumstances" that would otherwise justify reconsideration under Rule 59(e).[10]

However, the Order did not specify whether a certificate of appealability would be granted or denied. A certificate of appealability may only be granted upon "a substantial showing of the denial of a constitutional right[.]"[11] As explained in the Order, Smith has not made such a showing. Accordingly, the Order will be amended to clarify that a certificate of appealability is denied.

## CONCLUSION

All of Smith's arguments either have already been addressed in the Order or could have been raised in the Amended Petition.

IT IS HEREBY ORDERED that the Motion is DENIED in part and GRANTED in part. Consequently, the Order will be amended to clarify that a certificate of appealability will be denied.

---

[6] For example, Smith argues in the Motion that the Speedy Trial Act was not tolled because the requisite findings were not made in the orders granting his motions for continuance. Motion at 5. He also argues that his trial counsel was ineffective because he filed a "boiler-plate Motion in Limine[.]" Motion at 7. There is no reason these arguments could not have been made in Smith's Amended Petition.

[7] *Headwaters Res., Inc. v. Illinois Union Ins. Co.*, 770 F.3d 885, 900 (10th Cir. 2014) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

[8] *See id*.

[9] *Banister v. Davis*, 140 S. Ct. 1698, 1708, 207 L. Ed. 2d 58 (2020)

[10] See *Servants of Paraclete*, 204 F.3d at 1012.

[11] *United States v. Mulay*, 805 F.3d 1263, 1265 (10th Cir. 2015).

Dated October 4, 2021.

                                              BY THE COURT:

                                              _____
                                              David Nuffer
                                              United States District Judge