THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

MARLON A. SMITH,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

**AMENDED MEMORANDUM DECISION AND ORDER DENYING SMITH'S AMENDED 28 U.S.C. § 2255 MOTION**

Case No. 2:21-cv-00081-DN

District Judge David Nuffer

This order is an amended version of the order entered as docket no. 22, filed August 13, 2021. The order is amended to clarify that a certificate of appealability is denied. *See* Memorandum Decision and Order Denying in Part and Granting in Part Defendant's Motion to Alter or Amend a Judgment, docket no. 25, filed October 4, 2021.

Petitioner Marlon A. Smith ("Smith") filed an Amended Petition[1] to vacate his conviction pursuant to 28 U.S.C. § 2255. The Amended Petition asserts six claims of ineffective assistance of counsel across the pre-trial, trial, and appellate stages of Smith's case. [2]

None of these claims have merit. Smith cannot demonstrate his counsels' performance (at *any* stage of the proceedings) was deficient or that he suffered unfair prejudice. This conclusion is reached after careful review of the Amended Petition; the Affidavit of R. Blake Hamilton;[3] the

[1] Motion to Amend 28 U.S.C. 2255 Habeas Corpus Petition, ECF no. 17, filed May 3, 2021. Smith also filed an accompanying Memorandum of Law in Support of Granting Movant Smith's 2255 Petition, ECF no. 11, filed May 3, 2021. All "ECF no." references in the footnotes that follow are for this case.

[2] Smith's Amended Petition requests "that the claims previously submitted are dropped." This order only deals with the claims raised in the Amended Petition.

[3] ECF no. 12, filed May 11, 2021.

Response in Opposition to Petitioner's Amended Motion Pursuant to 28 U.S.C. § 2255 ("Response");[4] Movant's Reply Brief as to Doc. # 15; [5] and portions of the original record. Because Smith cannot make a substantial showing of a denial of a constitutional right, a certificate of appealability will also be denied.

**Contents**

SUMMARY FACTUAL AND PROCEDURAL BACKGROUND ..... 3
Initial Encounter and Indictment ..... 3
Smith's Motion to Suppress and Evidentiary Hearing ..... 4
New Counsel and Trial ..... 4
Smith's Appeal ..... 5
Smith's 2255 Petitions ..... 5
DISCUSSION ..... 6
I. RELEVANT LEGAL PRINCIPLES ..... 6
II. DECISION ..... 8
Ground One: There Was No Error in the Special Verdict Form ..... 8
Ground Two: There Was No Speedy Trial Act Violation ..... 9
Ground Three: Counsel's Stipulation to Exhibit 7 was not Error ..... 11
Grounds Four and Five: Mr. Hamilton Competently Litigated Smith's Fourth Amendment Claims ..... 14
Ground Six: Mr. de Montreux Competently Represented Smith on Appeal ..... 17
There is No Need for an Evidentiary Hearing, and A Certificate of Appealability Will be Denied. ..... 19
CONCLUSION AND ORDER ..... 20

[4] ECF no. 15, filed June 11, 2021.

[5] ECF no. 20, filed July 15, 2021.

## SUMMARY FACTUAL AND PROCEDURAL BACKGROUND

**Initial Encounter and Indictment**

On January 1, 2016, Utah Highway Patrol (UHP) Trooper Jared Withers stopped Smith, then driving a black rental car, on Interstate 70 in Southern Utah.[6] According to radar, Smith was travelling 89 miles per hour, in an area with a speed limit of 80 miles per hour.[7]

Trooper Withers approached Smith and, based on their interactions, grew suspicious that Smith was engaged in criminal activity.[8] So, while waiting on the results of a records check from dispatch, Trooper Withers screened Smith's vehicle with his narcotics detector dog.[9] The dog alerted to the rear of Smith's vehicle.[10] Trooper Withers ordered Smith out of the vehicle in order to search it.[11] Smith refused and, following a brief wrestle with another trooper (who was halfway inside the driver's side window), Smith sped away.[12]

A high-speed chase ensued, with Smith surrendering only after troopers used a spike strip to puncture Smith's tires, and after Trooper Withers further executed a pursuit intervention technique (PIT) maneuver to stop Smith's vehicle.[13] A subsequent search of the trunk of Smith's vehicle yielded approximately 2 kg marijuana and 1.76 kg methamphetamine.[14]

---

[6] Memorandum Decision and Order Denying Defendant's Motion to Suppress (Suppression Order), CR docket no. 39, filed September 12, 2016, *USA v Smith,* Case No. 2:16-cr-0020-DN, at 2 (D. Utah). All "CR docket no." references in the footnotes that follow are for Smith's underlying criminal case.

[7] *Id*. at 2-3.

[8] *Id*. at 3-5.

[9] *Id.* at 5-6.

[10] *Id.* at 6.

[11] *Id.* at 7-8.

[12] *Id.* at 8.

[13] United States Sentencing Memorandum, CR docket no. 175 at 2, filed September 24, 2018.

[14] *Id.* at 2.

A grand jury thereafter returned an indictment charging Smith with possession of at least 500 grams of methamphetamine (mixture) with intent to distribute, in violation of Title 21 U.S.C. § 841(a)(1).[15]

**Smith's Motion to Suppress and Evidentiary Hearing**

Through counsel R. Blake Hamilton, Smith filed a motion to suppress on May 13, 2016, challenging both the length of the stop of his vehicle under the Fourth Amendment and the eventual vehicle search.[16] An evidentiary hearing on Smith's motion was held June 22, 2016.[17]

On September 12, 2016, following briefing by the parties, a 17-page decision denied Smith's motion to suppress.[18] The decision held that the narcotic detector dog's screening of Smith's vehicle did not prolong the vehicle stop.[19] Even if the dog screening had prolonged the stop, any delay was justified by Trooper Withers' reasonable suspicion.[20]

**New Counsel and Trial**

On April 12, 2017, Bel-Ami de Montreux filed notice that he had been retained by Smith.[21] A jury trial with new counsel began on June 11, 2018.[22] The jury convicted Smith of the single count in the Indictment on June 13, 2018.[23]

---

[15] Indictment, CR docket no. 1, filed January 12, 2016.

[16] Motion to Suppress Evidence, CR docket no. 25, filed May 13, 2016.

[17] Minute Entry to Proceedings held before Judge David Nuffer: Motion Hearing as to Marlon Alonzo Smith, CR docket no. 31, filed June 22, 2016.

[18] CR docket no. 39.

[19] *Id.* at 13-14.

[20] *Id.* at 14-16.

[21] Minute Entry for proceedings held before Magistrate Judge Paul M. Warner: Status Conference, CR docket no. 88, filed April 12, 2017.

[22] Minute Entry for proceedings held before Judge David Nuffer: Jury Trial, CR docket no. 160, filed June 11, 2018.

[23] Minute Entry for proceedings held before Judge David Nuffer: Jury Trial, CR docket no. 164, filed June 13, 2018; Jury Verdict, CR docket no. 167, filed June 13, 2018.

On September 27, 2018, Smith was sentenced to 180 months in custody and 5 years of supervised release.[24]

**Smith's Appeal**

Smith filed a notice of appeal on October 10, 2018.[25] In his appeal, still represented by Mr. de Montreux, Smith challenged (1) the sufficiency of the evidence presented at trial, and (2) admission of expert testimony from DEA Special Agent Susan Thomas regarding the meaning of text messages found in Smith's phone.[26] The Tenth Circuit affirmed Smith's conviction.[27]

**Smith's 2255 Petitions**

Smith filed his original § 2255 petition on February 8, 2021. On May 3, 2021, Smith filed his Amended Petition, asking to "drop the claims" in his original petition in favor of six new claims. These amended claims allege ineffective assistance of counsel at various stages of his criminal proceedings: (1) for Mr. de Montreux's failure to object to the special verdict form's request for a finding as to "whether the quantity of methamphetamine was more or less than 500 grams" (Ground One); (2) for Mr. Hamilton's failure to file a motion to dismiss the Indictment for a violation of the Speedy Trial Act (Ground Two);[28] (3) for Mr. de Montreux's stipulation to Government Exhibit 7 (Ground Three); (4) for Mr. Hamilton's[29] supposedly deficient litigation

---

[24] Minute Entry for proceedings held before Judge David Nuffer: Sentencing, CR docket no. 179, filed September 27, 2018; Judgment, CR docket no. 181, filed October 2, 2018.

[25] Notice of Appeal, CR docket no. 183, filed October 10, 2018.

[26] *See United States v. Smith,* Case No. 18-4149, Tenth Circuit Court of Appeals, Document 010110186927.

[27] Order and Judgment, CR docket no. 200, filed February 25, 2020. *See also United States v Smith,* Case No. 18-4149, Tenth Circuit Court of Appeals, Document 010110298712.

[28] Smith alleges this was a failure of "trial counsel," though his accompanying affidavit actually (and only) faults "my ex-lawyer Attorney R. Blake Hamilton" for refusing to file a motion to dismiss. Amended Petition, Attachment A, Affidavit of Marlon A. Smith ("Smith Affidavit") at 3 (¶8), ECF no. 17-1, filed May 3, 2021.

[29] Smith again asserts this was a failure of "trial counsel," though his accompanying affidavit actually references Mr. Hamilton for this claim. Smith Affidavit at 4-5 (¶10).

of Smith's Fourth Amendment claims (Ground Four); (5) for Mr. Hamilton's[30] failure to make a pre-trial challenge to the reliability of the narcotic drug dog's alert to his vehicle (Ground Five); and (6) Mr. de Montreux's failure to appeal the alleged non-transcription of the jury's notes to the court, as well as the denial of his Fourth Amendment claims (Ground Six). None of these claims have merit.

## DISCUSSION

### I. RELEVANT LEGAL PRINCIPLES

Claims of ineffective assistance of counsel may be properly raised in a motion pursuant to 28 U.S.C. § 2255.[31]

To prevail on an ineffective assistance claim, Smith must show that (1) his attorneys' performance was deficient, and (2) that the deficient performance was actually prejudicial.[32]

To prove deficiency, Smith must establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and "fell below an objective standard of reasonableness."[33] "[Smith] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[34] Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential,"[35] particularly when considering matters of strategy, which reviewing

[30] Smith's allegation refers only to his "ex-lawyer," though his accompanying affidavit on this claim more specifically references Mr. Hamilton's alleged deficiencies. Smith Affidavit at 5 (¶11).

[31] *Massaro v. United States*, 538 U.S. 500, 504 (2003).

[32] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[33] *Id* at 687-88.

[34] *Id*. at 689 (citation omitted).

[35] *Id*.

courts are often "ill-suited to second-guess."[36] Deficiency requires that "[c]ounsel's performance must be 'completely unreasonable' to be constitutionally ineffective, not 'merely wrong.'"[37] "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." [38]

To prove prejudice, Smith must show that counsel's deficient performance "actually had an adverse effect on the defense."[39] This means he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[40] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[41] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[42] Smith cannot establish prejudice merely by showing that counsels' errors had "some conceivable effect" on the outcome of the proceeding because "[v]irtually every act or omission of counsel would meet that test[.]"[43] The prejudice requirement is "rigorous" and "highly demanding."[44]

---

[36] *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998).

[37] *Wilson v. Sirmons*, 536 F.3d 1064, 1083 (10th Cir.2008) (*quoting Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir.1997)).

[38] *Strickland*, 466 U.S. at 689.

[39] *Id*. at 693.

[40] *Id*. at 694.

[41] *Id*.

[42] Id. at 691.

[43] Id. at 693.

[44] *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986).

## II. DECISION

**Ground One: There Was No Error in the Special Verdict Form**

Smith first asserts that Mr. de Montreux improperly failed to object to the jury instructions and special verdict form. Both the instructions and the verdict form asked the jury to determine, upon a finding of guilt, whether the quantity of methamphetamine at issue "was five hundred grams or more."[45] Smith argues that this language conflicts with the Indictment, which alleged Smith "did knowingly and intentionally possess with intent to distribute controlled substances, to wit: 500 grams or more *of a mixture and substance containing a detectable amount* of methamphetamine. . . ."[46] As such, he claims that this discrepancy "effectively amended his indictment by broading [sic] the possible bases for conviction from that which appeared in his indictment."[47] He is incorrect.

An indictment is constructively amended when the government's evidence, together with jury instructions, proves a crime different from that charged in the indictment, or raises the possibility the jury convicted the defendant of a crime that was not charged in the indictment.[48] Constructive amendment of an indictment violates a defendant's constitutional rights.[49] To decide if an indictment has been constructively amended by jury instructions or evidence presented at trial, a court must "compare the indictment with the district court proceedings to discern if those proceedings broadened the possible bases for conviction beyond those found in

---

[45] CR docket no. 167; Jury Instructions, CR docket no. 168 at 31, filed June 13, 2018.

[46] CR docket no. 1 (emphasis added).

[47] Amended Petition at 4-5.

[48] *See United States v. Farr*, 536 F.3d 1174, 1180 (10th Cir. 2008).

[49] *United States v. Miller*, 891 F.3d 1220, 1237 (10th Cir. 2018).

the operative charging document."[50] If jury instructions narrow the scope of an indictment,[51] "leaving no 'possibility [a defendant] was convicted of an offense other than that charged in the [indictment],'" there is no constructive amendment.[52]

Here, neither the jury instructions nor the special verdict form constructively amended the Indictment. Rather, the language in the jury instructions and special verdict form narrowed the scope of the charge against Smith. While the Indictment more broadly alleged that the "500 grams or more" included only "a *detectable* amount of methamphetamine," the jury instructions and special verdict form asked the jury the narrower question of whether there were "500 grams or more *of methamphetamine*." This more specific finding – 500 grams or more of methamphetamine – necessarily still fits within the Indictment's broader allegation of "500 grams or more of a mixture and substance containing a detectable amount of methamphetamine."

Neither the jury instructions nor special verdict constructively amended the indictment. Accordingly, Mr. de Montreux could not have been ineffective for failing to challenge them.

**Ground Two: There Was No Speedy Trial Act Violation**

Smith's second claim is that Mr. Hamilton's pre-trial representation was ineffective because he did not file a motion to dismiss the Indictment for a violation of the Speedy Trial Act. In support, Smith correctly notes that the Speedy Trial clock began on January 20, 2016 – the day he was arraigned on the Indictment.[53] From there, Smith cites events in the record to argue the Speedy Trial Act was violated, but his Speedy Trial calculations are not accurate. A careful

---

[50] *Farr*, 536 F.3d at 1180 (citation omitted).

[51] *United States v. Zar*, 790 F.3d 1036, 1050-51 (10th Cir. 2015).

[52] *United States v. Ray*, 899 F.3d 852, 866 (10th Cir. 2018) (quoting *United States v. Hien Van Tieu*, 279 F.3d 917, 921 (10th Cir. 2002), *abrogated on other grounds by United States v. Little*, 829 F.3d 1177 (10th Cir. 2016)).

[53] Amended Petition at 6; Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells. Initial Appearance/Arraignment/Pretrial Conference/Detention, CR docket no. 4, filed January 20, 2016.

review of the record demonstrates there was no violation of the Speedy Trial Act, and Mr. Hamilton never had cause to file a motion to dismiss on that basis.

The Speedy Trial Act requires trial to commence within 70 days of a defendant's appearance on an indictment.[54] The statute carves out explicit exclusions from the 70-day calculation, including delays that result from any pretrial motion (from the filing of the motion through to "prompt disposition"),[55] and from judicial findings that the "ends of justice" require a continuance, where those ends outweigh "the best interest of the public and the defendant in a speedy trial."[56]

The record in Smith's criminal case demonstrates there was no Speedy Trial Act violation that would have warranted a motion from Mr. Hamilton. Below is a timeline of key events in the record:

- January 20, 2016 – Smith is arraigned on the Indictment;[57]
- March 10, 2016 – Smith files a motion to continue his trial [**51 days elapsed**];[58]
- March 16, 2016 – an order continues the trial and excludes time to June 27, 2016;[59]
- April 14, 2016 – Mr. Hamilton is appointed as new counsel for Smith;[60]
- May 13, 2016 – Smith files a motion to suppress;[61]
- September 12, 2016 – the decision denying Smith's motion to suppress is filed;[62]
- September 13, 2016 – trial is set for October 11, 2016 [**52 days elapsed**];[63]

---

[54] 18 U.S.C. § 3161(c)(1); *United States v. Toombs,* 574 F.3d 1262, 1268 (10th Cir. 2009).

[55] 18 U.S.C. § 3161(h)(1)(D).

[56] 18 U.S.C. § 3161(h)(7)(A).

[57] CR docket no. 4.

[58] Motion to Continue Jury Trial, CR docket no. 14, filed March 10, 2016.

[59] Order Granting Motion to Continue Jury Trial, CR docket no. 16, filed March 16, 2016.

[60] Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells. Motion Hearing, CR docket no. 21, filed April 14, 2016.

[61] CR docket no. 25.

[62] CR docket no. 39.

[63] Notice of Hearing, CR docket no. 40, filed September 13, 2016.

- September 19, 2016 – Smith files a motion to continue trial [**57 days elapsed**];[64]
- September 19, 2016 – trial is continued in an order that excludes time to December 12, 2016;[65]
- November 18, 2016 – Smith files a motion to continue trial [**57 days elapsed**];[66]
- November 28, 2016 – an order continues the trial and excludes time to March 27, 2017;[67]
- March 1, 2017 – Smith files a motion to continue trial [**57 days elapsed**];[68]
- March 7, 2017 – an order continues the trial and excludes time to April 24, 2017;[69]
- April 17, 2017 – Mr. de Montreux enters an appearance for Smith, relieving Mr. Hamilton of representation.[70]

As reflected in the timeline above, when Mr. Hamilton was relieved from representing Smith, only 57 days had elapsed under the Speedy Trial Act. Accordingly, Mr. Hamilton was not ineffective by not filing a motion to dismiss for a violation of the Speedy Trial Act.

**Ground Three: Counsel's Stipulation to Exhibit 7 was not Error**

Smith's third ground is that Mr. de Montreux was constitutionally deficient for (1) not moving to suppress Government Exhibit 7 – a three-page exhibit listing a series of calls and texts on Smith's phone with "Teddy"; and (2) stipulating to the admission of Government Exhibit 7.[71] Again, Smith is incorrect.

---

[64] Motion to Continue Jury Trial, CR docket no. 41, filed September 19,2016.

[65] Order to Continue Jury Trial, CR docket no. 42, filed September 19, 2016.

[66] Motion to Continue Jury Trial, CR docket no. 63, filed November 28, 2016.

[67] Order to Continue Jury Trial, CR docket no. 64, filed November 28, 2016.

[68] Motion to Continue Jury Trial, CR docket no. 68, filed March 1, 2017.

[69] Order Granting in Part and Denying in Part Motion to Continue Jury Trial, CR docket no. 71, filed March 7, 2017.

[70] Minute Entry for proceedings held before Judge David Nuffer: Pretrial Conference, CR docket no. 91, filed April 17, 2017.

[71] Smith misstates that the stipulation to Exhibit 7 "include[ed] Expert Testimony by DEA agent about the meaning of text messages between [Smith] and someone named 'Teddy.'" Amended Petition at 10. While counsel stipulated to the admission of the exhibit, he objected and argued strenuously against the admission of Agent Thomas's expert testimony on the meaning of those text messages. *See* June 12, 2018, Trial Transcript at 136:1 – 149:23, CR docket no. 176, filed September 24, 2018.

**Mr. de Montreux Actually Filed a Suppression Motion for Exhibit 7**

First, Smith claims he had valid grounds for a suppression motion, which Mr. de Montreux never filed. He bases this allegation off a claim that the United States derived Exhibit 7 from a January 5, 2016, search of Smith's phone. This allegation is incorrect on several levels.

Mr. de Montreux *did* file a pre-trial motion in limine, seeking suppression of Exhibit 7.[72] In his motion, Mr. de Montreux used the same argument Smith repeats here: that the United States obtained the information for Exhibit 7 from a search that it had previously agreed not to use or rely on.

The United States responded to the motion in limine, asserting that it had complied with its prior representation and that the information on Exhibit 7 was the result of a *subsequently* executed search warrant that did not rely on the prior search.[73] The United States attached to its response the subsequent search warrant and accompanying affidavit. That affidavit included a footnote disclosing the prior search, as well as the circumstances at issue in the prior search. It further represented that the application for the subsequent warrant was not relying on the passcode(s) provided by Smith, nor any information obtained from the prior search.[74]

The motion in limine was denied in a docket text order.[75] The order noted that "The government is not prohibited from using Exhibit 7."[76] It also stated the reason for the denial:

---

[72] Motion in Limine for Order Prohibiting the Prosecution from Using Exhibit 7, CR docket no. 151, filed May 25, 2018.

[73] Response In Opposition to Defendant's Motion in Limine for an Order Prohibiting the Prosecution from Using Exhibit 7, CR docket no. 152, filed May 28, 2018.

[74] *Id.* at 2, 12.

[75] Docket Text Order Denying Motion in Limine, CR docket no. 156, filed May 30, 2018.

[76] *Id.*

"The information therein was obtained via subsequent federal search warrant that was not the subject of the previous Motion to Suppress and the Order denying it."[77]

**Mr. de Montreux's Decision to Stipulate to Exhibit 7 was Sound Trial Strategy**

After Smith's motion had already been denied, allowing the United States to use Exhibit 7, the parties discussed the stipulation at the May 30, 2018, pre-trial conference. There, for the benefit of Smith, the United States put on the record why a stipulation to the exhibit was in *both* parties' best interests:

> MR. CLARK: The thing I wanted to note on the record, Your Honor, is one of the defendant's phones is going to become at issue, as the Court has seen with our proposed Exhibit 7. We have offered to – a stipulation with that and with the methamphetamine to try to save witnesses. That would cut down our witnesses, I think, in half. But, if we need to get into establishing that this particular phone was the defendant's, among the things we would be looking to put on, just so everyone is aware, are photos and discussions of marijuana in the defendant's phones that happened to coincide with the fact that we found marijuana in his vehicle.
>
> So there are a couple of things that, just so Mr. Smith is aware, that he might not want to come out that don't have to come out if he stipulates that the phone is his.[78]

After a question from the court, the United States clarified: "If we have to prove that that phone is the defendant's, then we have to go through things that would demonstrate the likelihood that that phone is the defendant's. Those include pictures of marijuana on that phone."[79]

Mr. de Montreux eventually responded that he needed to review the exact language of the stipulation, but he also noted "…I don't anticipate that I can contest, under the circumstances and

---

[77] *Id.*

[78] Transcript May 30, 2018, 13:8 – 23, CR docket no. 194, filed February 26, 2019.

[79] *Id.* at 14:4-8.

due to your ruling I believe this morning that the phone or phones found in the car belonged to [Smith]. So I don't anticipate there would be a problem."[80] The language of the stipulation was later included in the jury instructions – Instruction No. 8: "The texts and calls reflected on Exhibit 7 came from Mr. Smith's phone, found in his vehicle the day of arrest."[81]

Notwithstanding the stipulation, Mr. de Montreux still vigorously argued against Agent Thomas' expert interpretation of the texts reflected on Exhibit 7. This approach – stipulation to an exhibit (that had already been ruled admissible) to both save time *and* avoid the presentation of further inculpatory information, while still challenging the interpretation of the exhibit – cannot reasonably be considered error, much less error rising to the level of ineffective assistance. Rather, it is "sound trial strategy."[82] Smith cannot demonstrate otherwise. Nor can he demonstrate prejudice from Mr. de Montreux's approach, since the subject of the stipulation was not genuinely at issue, and Mr. de Montreux still vigorously challenged the interpretation of Exhibit 7.[83]

**Grounds Four and Five: Mr. Hamilton Competently Litigated Smith's Fourth Amendment Claims**

In Ground Four, Smith alleges that Mr. Hamilton failed to "properly investigate the facts; relevant case law; and Utah law; thereafter fail[ed] to properly litigate [Smith's] Fourth Amendment claim…." Smith further alleges in Ground Five that Mr. Hamilton "fail[ed] to properly investigate Utah law in regards to Utah's requirements for certified drug dogs and to secure Expert Witness to interpret these findings and fail[ed] to file pre-trial Motion to Suppress

---

80 *Id.* at 16:3-7.

81 CR docket no. 168 at 11.

82 *Strickland*, 466 U.S. at 689 (citation omitted).

83 *See United States v. Crowe*, 735 F.3d 1229, 1244-45 (10th Cir. 2013).

Evidence on the ground that the Utah Dog Sniff of K-9 Dog Marco is Unreliable and the search of [Smith's] car was without warrant or probable cause." Neither of these claims have merit.

**Fourth Amendment Strickland Claims**

The *Strickland* standard applies to claims that pre-trial counsel failed to properly litigate a Fourth Amendment issue.[84] To prove prejudice in the context of a failure to litigate a Fourth Amendment claim, Smith must demonstrate that "his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence."[85]

**The Record Demonstrates Competent Pre-Trial Representation**

Smith offers no concrete evidence of his claims. Rather, for both Grounds Four and Five, he relies entirely on vague, summary allegations of insufficient research, investigation, and litigation.[86]

In comparison, the record demonstrates that Mr. Hamilton's pre-trial representation of Smith was careful and competent. For instance, Mr. Hamilton filed a declaration, as part of discovery in this case, meticulously outlining his representation of Smith with respect to possible Fourth Amendment claims.[87] This representation included (1) a memo to Smith outlining the range of issues with possible Fourth Amendment claims,[88] (2) the filing and litigation of a motion to suppress on Fourth Amendment grounds (challenging the length of Smith's stop

[84] *Kimmelman*, 477 U.S. at 375.

[85] *United States v. Maley*, 1 F.4th 816, 820 (2021) (quoting *Kimmelman*, 477 U.S. at 375).

[86] Amended Petition at 12-15; Smith Affidavit at 4-5.

[87] ECF no. 12.

[88] Affidavit of R. Blake Hamilton, Exhibit A- Research Memo, ECF no. 12-1, filed May 11, 2021.

before his flight from Trooper Withers),[89] and (3) the pursuit (and receipt) of certification records for Trooper Wither's narcotic detector dog, Marco.[90] Further, at the evidentiary hearing on Smith's suppression motion, the court complimented Mr. Hamilton for the "completeness of the memo [he] filed that laid out issues well, and I'm sure has enabled everyone including me to prepare better than I usually am able to in a motion to suppress hearing where the usual morning is full of surprise."[91] Also, after Mr. de Montreux had taken over representation and tried to reopen Smith's suppression motion,[92] an order issued denying the motion. The order pointed to Mr. Hamilton's already thorough handling of the initial motion: "The suppression hearing was very thorough. Unfortunately, the testimony and video evidence [were] very convincing. A very complete order was prepared and filed."[93]

Mr. Hamilton's pre-trial efforts for Smith exceeded the bounds of competent representation and were excellent. Smith does not and cannot demonstrate otherwise.

**Smith Cannot Demonstrate Prejudice**

Moreover, even Smith could somehow set forth a meritorious, previously unraised (or incompetently raised) Fourth Amendment issue, he cannot demonstrate prejudice.

[89] *See*, *e.g.,* CR docket no. 25; CR docket no. 31; Proposed Order Granting Defendant's Motion to Suppress, CR docket no. 36, filed August 36, 2016; Exhibit A to Proposed Order Granting Defendant's Motion to Suppress, CR docket no. 37, filed August 15, 2016.

[90] Affidavit of R. Blake Hamilton, Exhibit E- K-9 Marco subpoena response, ECF no. 12-5, filed May 11, 2021.

[91] June 22, 2016 Transcript, 3:18-22, CR docket no. 33, filed July 7, 2017.

[92] Motion to Reopen Motion to Suppress Evidence, CR docket no. 98, filed May 26, 2017; Declaration of Counsel in Support Motion to Reopen Motion to Suppress Evidence, CR docket no. 99, filed May 26, 2017; Memorandum in Support of Motion Reopen Motion to Suppress Evidence and in Support of Motion to Continue Trial, CR docket no. 107, filed June 2, 2017.

[93] Memorandum Decision and Order Denying Motion to Reopen Motion to Suppress Evidence and Motion to Continue, CR docket no. 110 at 3, filed June 8, 2017.

The factual findings in the order denying Smith's suppression motion included a finding that, at the time of Smith's traffic stop, he had an existing arrest warrant out of California.[94] This arrest warrant would have required Trooper Withers to arrest Smith regardless of any alleged missteps during the stop (e.g., a supposedly "unreliable" dog alert).[95] And, in conjunction with Smith's arrest, the vehicle would have been impounded and inventoried.[96] This means that the methamphetamine and marijuana in Smith's vehicle would inevitably have been discovered, nullifying any potential exclusion of evidence.[97] As such, Grounds Four and Five of the Amended Petition necessarily fail.

**Ground Six: Mr. de Montreux Competently Represented Smith on Appeal**

Smith's final claim is that Mr. de Montreux was ineffective on appeal, because he failed to challenge (1) the alleged non-transcription of a jury note to the court, and (2) the denial of his Fourth Amendment suppression motion.[98] He again is incorrect.

**Standard to Prove Ineffective Assistance of Appellate Counsel**

To succeed on a *Strickland* claim that appellate counsel was deficient, Smith generally must first show that appellate counsel was "objectively unreasonable . . . in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous

---

[94] CR docket no. 39 at 8.

[95] Id. Smith also fails to mention that Mr. de Montreux secured a K-9 expert, Andy Falco Jimenez, that *did* testify at his trial, and *did* attempt to persuade the jury that UHP Trooper Withers had improperly induced his dog to alert to Smith's vehicle. June 12, 2018 Trial Transcript, at 275:4 – 328:22, CR docket no. 190, filed December 10, 2018. This was part of a broader argument that Smith made at trial that the officers had manufactured the dog alert and, later, planted the narcotics in Smith's vehicle after he led them on a high-speed chase. The jury rejected that argument in convicting Smith, and apparently rejected Jimenez's testimony challenging the dog alert.

[96] CR docket no. 39 at 8.

[97] *See Nix v. Williams*, 467 U.S. 431, 444 (1984); *United States v. Haro-Salcedo*, 107 F.3d 769, 773 (10th Cir. 1997).

[98] Amended Petition at 16-17; Smith Affidavit at 27.

issues and to file a merits brief raising them."[99] Beyond this, Smith must also demonstrate prejudice: "That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on appeal."[100]

Where, as here, appellate counsel actually filed a merits brief, the burden of proof is particularly cumbersome. As the Supreme Court has observed, a *Strickland* claim "is still possible" in such circumstances, but "it is difficult to demonstrate that counsel was incompetent."[101]

**The Court Preserved the Jury Note**

First, contrary to Smith's claim, the court preserved a copy of the jury's note from June 13, 2018; it was simply filed under seal.[102] A redacted copy was attached to the Response.[103] A court reporter also preserved the parties' discussion of the note, though no party had ordered the transcript of that discussion until recently. A copy of that transcript is likewise attached to the Response.[104]An allegation that the jury's note was not transcribed therefore cannot be the basis of an ineffective assistance claim.

**Smith's Fourth Amendment Claim Was Without Merit**

As outlined above, Mr. de Montreux *did* file a merits brief with the Tenth Circuit, contesting the sufficiency of evidence against Smith, as well as the admission of Special Agent Thomas' expert testimony on the meaning of texts on Smith's phone. The Tenth Circuit affirmed

---

[99] *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland*, 466 U.S. at 687-691); *see also Milton v. Miller*, 744 F.3d 660, 669 (10th Cir. 2014).

[100] *Smith*, 528 U.S. at 285-86 (citing *Strickland*, 466 U.S. at 694).

[101] *Smith*, 528 U.S. at 288 (citing *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986).

[102] Sealed Jury Notes, CR docket no. 166, filed June 13, 2018.

[103] Response, Exhibit 1, Jury Note to Court and Responding Instruction, ECF no. 15-1, filed June 11, 2021.

[104] Response, Exhibit 2, June 13, 2018, Transcript of Jury Note Discussion, ECF no. 15-2, filed June 11, 2021.

Smith's conviction. Because counsel filed a merits brief, Smith bears an increased burden with this claim. He must demonstrate that it was "objectively unreasonable" for Mr. de Montreux to not include Smith's Fourth Amendment claim in his brief.[105] He cannot meet that standard.

As outlined above, Smith has put forth no evidence that he could have made a successful Fourth Amendment challenge to the stop and search of his vehicle. Even if he did, Smith could not demonstrate prejudice. As noted above, Trooper Withers would still have inevitably discovered (and seized) the narcotics in Smith's vehicle following Smith's arrest on the California warrant. Smith therefore cannot demonstrate that Mr. de Montreux was "completely unreasonable" in declining to appeal the suppression ruling on his Fourth Amendment claim.

**There is No Need for an Evidentiary Hearing, and A Certificate of Appealability Will be Denied.**

An evidentiary hearing need not be held where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"[106] This includes instances where a petitioner fails to include a "detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions,"[107] instances "where the claim is inadequate on its face,"[108] and instances where "the record affirmatively refutes the factual assertions upon which the claim is based."[109] Because the record conclusively shows Smith is not entitled to relief, there is no need to hold an evidentiary hearing.

---

[105] *Smith v. Robbins*, 528 U.S. at 285.

[106] 28 U.S.C. § 2255(b).

[107] *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)).

[108] *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)).

[109] *Id*.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[110] To make this showing when a district court has rejected his constitutional claims on their merits, Smith must demonstrate at a minimum "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further."[111] Because it is clear Smith cannot establish a denial of a constitutional right, a certificate of appealability will be denied.

## CONCLUSION AND ORDER

Smith fails to articulate any specific facts that indicate his counsel was deficient. The files and records of the case demonstrate that pre-trial, trial, and appellate counsel acted competently. And they reveal that Smith cannot establish undue prejudice.

IT IS HEREBY ORDERED that Smith's Amended Petition is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability under Rule 11 of the Rules Governing Section 2255 Proceedings is DENIED.

The Clerk is directed to close the case.

Dated October 5, 2021.

BY THE COURT:

David Nuffer
United States District Judge

---

[110] 28 U.S.C. § 2253(c)(2).

[111] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted).