THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARLON ALONZO SMITH,<br><br>　　　　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | **MEMORANDUM DECISION AND ORDER DISMISSING WITHOUT PREJUDICE MOTION FOR RELIEF FROM JUDGMENT**<br><br>Case No. 2:21-cv-00081-DN<br>(Criminal Case No. 2:16-cr-00020-DN)<br><br>District Judge David Nuffer |

Movant Marlon Alonzo Smith seeks relief under Fed. R. Civ. P. 60(b)(6) from the denial and dismissal with prejudice of his § 2255 Motion[1] ("Motion").[2] Mr. Smith asserts that his Motion challenges only the integrity of the § 2255 proceedings, and not his underlying criminal conviction and sentence.[3] He also asserts that he is not raising a new basis for relief from his conviction.[4] However, the arguments Mr. Smith raises in his Motion are predicated entirely on assertions of prosecutorial misconduct, suppression of material evidence, and due process violations occurring in his criminal case.[5] And these arguments were not raised in or the subject of Mr. Smith's § 2255 Motion.[6]

---

[1] [Amended] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion"), docket no. 17, filed May 3, 2021; Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed Feb. 8, 2021.

[2] Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) ("Motion"), docket no. 36, filed July 28, 2025.

[3] *Id*. at 1-2, 6.

[4] *Id*. at 2, 6.

[5] *Id*. at 4-6.

[6] § 2255 Motion; Memorandum of Law in Support of Granting Movant Smith's 2255 Petition, docket no. 11, filed May, 3, 2021.

Mr. Smith's Motion is, nevertheless, his fourth attempt to obtain relief under Rule 60(b) by raising the same and substantially similar arguments.[7] Mr. Smith's prior three Rule 60(b) motions were dismissed without prejudice for lack of subject matter jurisdiction because the motions were second-or-successive motions under 28 U.S.C. § 2255, and Mr. Smith had not first obtain authorization from the Tenth Circuit Court of Appeals for the motions' filings.[8] For the same reasons, subject matter jurisdiction is lacking over Mr. Smith's current Motion. The Motion[9] is DISMISSED without prejudice, and a certificate of appealability is DENIED.

## 1   DISCUSSION

"A prisoner must obtain [the Tenth Circuit Court of Appeal]'s authorization to file a second-or-successive § 2255 motion."[10] "A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction."[11] And "[i]f the prisoner's [motion] must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the [motion]" absent the Tenth Circuit's prior authorization of the motion's filing.[12]

---

[7] Motion; Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4), docket no. 318 in *Unites States v. Smith*, 2:16-cr-00020-DN (D. Utah) ("Criminal Case"), filed Feb. 6, 2025; Amended Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and Rule 60(b)(6), docket no. 297 in Criminal Case, filed Dec. 20, 2024; Petitioner's Motion for Relief Under Hazel-Atlas, docket no. 273 in Criminal Case, filed Apr. 29, 2024.

[8] Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief from Judgment, docket no. 324 in Criminal Case ("Order Re: Third Rule 60 Motion"), filed Mar. 4, 2025; Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief from Judgment ("Order Re: Second Rule 60 Motion"), docket no. 299 in Criminal Case, filed Jan. 8, 2025; Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief Under Hazel-Atlas, docket no. 278 in Criminal Case, filed May 23, 2024.

[9] Docket no. 36, filed July 28, 2025.

[10] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (citing 28 U.S.C. §§ 2255(h), 2244(b)(3)).

[11] *Id*. (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).

[12] *Id*. (internal quotations and punctuation omitted).

Mr. Smith's § 2255 Motion raised multiple claims of ineffective assistance of counsel occurring at various stages in his criminal proceedings.[13] The § 2255 Motion was denied and dismissed with prejudice,[14] and Mr. Smith was denied a certificate of appealability.[15] Mr. Smith subsequently filed three motions in his criminal case seeking relief from his conviction and sentence under FED. R. CIV. P. 60.[16] These motions sought relief based on assertions of prosecutorial misconduct, suppression of material evidence, and due process violations, as well as other issues occurring in Mr. Smith's criminal case.[17] Each of Mr. Smith's prior Rule 60 motions was dismissed without prejudice as an improper second-or-successive § 2255 motion filed without prior authorization from the Tenth Circuit.[18] And Mr. Smith was denied certificates of appealability regarding these motions.[19]

Mr. Smith then twice sought authorization from the Tenth Circuit for the filing of a second-or successive § 2255 motion based on his assertions of newly discovered evidence demonstrating prosecutorial misconduct, suppression of material evidence, and due process

---

[13] § 2255 Motion.

[14] Amended Memorandum Decision and Order Denying Smith's Amended 28 U.S.C. § 2255 Motion, docket no. 26, filed Oct. 5, 2021.

[15] *Id*.; Order Denying Certificate of Appealability, 10th Cir. No. 21-4130, docket no. 32, filed Jan. 31, 2023.

[16] Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4); Amended Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and Rule 60(b)(6); Petitioner's Motion for Relief Under Hazel-Atlas.

[17] Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4); Amended Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) and Rule 60(b)(6); Petitioner's Motion for Relief Under Hazel-Atlas.

[18] Order Re: Third Rule 60 Motion; Order Re: Second Rule 60 Motion; Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief Under Hazel-Atlas.

[19] Order Re: Third Rule 60 Motion; Order Re: Second Rule 60 Motion; Memorandum Decision and Order Denying Certificate of Appealability, docket no. 285 in Criminal Case, filed June 7, 2024. The Tenth Circuit also refused to grant authorization for Mr. Smith's filing of his *Hazel-Atlas* Motion because it "ha[d] no authority to prescreen Rule 60 motions to decide if they are true Rule 60 motions." Order at 2, 10th Cir. No. 24-4056, docket no. 283 in Criminal Case, filed June 5, 2024. Mr. Smith ultimately voluntarily dismissed his appeals of the dismissal of his prior Rule 60(b) motions. Motion to Withdraw Notice of Appeal, docket no. 319 in Criminal Case, filed Feb. 21, 2025; Order in *United States v. Smith*, 10th Cir. No. 25-4010, docket no. 317 in Criminal Case, filed Feb. 6, 2025; Order, 10th Cir. No. 24-4066, docket no. 291 in Criminal Case, filed June 20, 2024.

violations occurring in his criminal case. The Tenth Circuit denied such authorization determining that Mr. Smith's evidence was insufficient to establish that no reasonable factfinder would have found him guilty.[20]

Undeterred, Mr. Smith's Motion now seeks relief from the denial and dismissal with prejudice of his § 2255 Motion under FED. R. CIV. P. 60(b)(6) by raising the same and similar arguments to those raised in his prior Rule 60(b) motions and those rejected in his requests to the Tenth Circuit for authorization for a second-or-successive § 2255 motion.[21]

"[FED. R. CIV. P.] 60(b) sets forth ground upon which a party may move the district court to grant relief from a final judgment."[22] However, "[t]he fact that a [defendant] labeled [a] motion as brought under [Rule 60] does not change the analysis [courts] use to determine if [the motion] is an unauthorized second-or-successive § 2255 motion."[23] "It is the relief sought, not the [motion]'s title, that determines whether the [motion] is a § 2255 motion."[24]

"[A Rule] 60(b) motion is a second or successive [§ 2255] petition if it in substance or effect asserts or reasserts a federal basis for relief from the [defendant's] underlying conviction."[25]

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied; or a motion "seeking vindication of" a habeas

---

[20] Order, *In re: Marlon Alonzo Smith*, 10th Cir. No. 25-4055, docket no. 35, filed May 20, 2025; Order, *In re: Marlon Alonzo Smith*, 10th Cir. No. 25-4043, docket no. 34, filed Apr. 16, 2025.

[21] Motion at 4-6.

[22] *Baker*, 718 F.3d at 1206.

[23] *Id*. at 1207.

[24] *Id*. (internal quotations omitted).

[25] *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

claim by challenging the habeas court's previous ruling on the merits of that claim.[26]

Mr. Smith's Motion is not a "true" Rule 60(b) motion. Despite Mr. Smith's assertions,[27] his Motion does not present any argument directed at the propriety of the § 2255 proceedings. Rather, Mr. Smith raises arguments and issues that were not raised in or the subject of his § 2255 Motion.[28] And these arguments and issues relate only to matters going to the propriety and validity of his underlying conviction and sentence.[29] Therefore, Mr. Smith's Motion is considered a second-or-successive § 2255 motion. And as a second-or successive § 2255 motion, the Motion cannot be filed without prior authorization from the Tenth Circuit.[30] Because Mr. Smith did not first obtain authorization from the Tenth Circuit for a second-or-successive § 2255 motion, subject matter jurisdiction over the Motion is lacking.[31] The Motion[32] is DISMISSED without prejudice, and Mr. Smith is DENIED a certificate of appealability.

---

[26] *Id*. at 1216 (internal citations and punctuation omitted).

[27] Motion at 1-2, 6.

[28] *Compar*e *Id*. at 4-6 *with* § 2255 Motion.

[29] Motion at 4-6.

[30] 28 U.S.C. § 2255(h); *Baker*, 718 F.3d at 1206.

[31] *Baker*, 718 F.3d at 1206.

[32] Docket no. 36, filed July 28, 2025.

## 2   ORDER

IT IS HEREBY ORDERED that Mr. Smith's Motion[33] is DISMISSED without prejudice for lack of subject matter jurisdiction. Mr. Smith is DENIED a certificate of appealability.

Signed August 8, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[33] Docket no. 36, filed July 28, 2025.