THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARLON ALONZO SMITH,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Case No. 2:21-cv-00081-DN<br><br>District Judge David Nuffer |

Movant Marlon Alonzo Smith seeks the appointment of counsel in this case brought under 28 U.S.C. § 2255 ("Motion").[1] There is no constitutional or statutory right to the appointment of counsel in § 2255 proceedings, unless an evidentiary hearing is held.[2] Nevertheless, counsel may be appointed when "the interests of justice so require" for a "financially eligible person" seeking relief under § 2255.[3]

After review and consideration of Mr. Smith's filings, justice does not require the appointment of counsel. Mr. Smith's § 2255 Motion raised multiple claims of ineffective assistance of counsel occurring at various stages in his criminal proceedings.[4] The § 2255 Motion was denied and dismissed with prejudice,[5] and Mr. Smith was denied a certificate of

---

[1] Motion for Appointment of Counsel, docket no. 42, filed Aug. 13, 2025.

[2] *Paul v. United States*, 2006 WL 314563, *1 (D. Utah Feb. 9, 2006); Rules Governing Section 2255 Proceedings for the United States District Courts 8(c).

[3] 18 U.S.C. § 3006A(a)(2)(B).

[4] [Amended] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion"), docket no. 17, filed May 3, 2021; Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed Feb. 8, 2021..

[5] Amended Memorandum Decision and Order Denying Smith's Amended 28 U.S.C. § 2255 Motion, docket no. 26, filed Oct. 5, 2021.

appealability.[6] Mr. Smith's now seeks the appointment of counsel as he pursues relief under FED. R. CIV. P. 60(b)(6) from the denial and dismissal of his § 2255 Motion.[7]

Through his filings, Mr. Smith has shown an "ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion."[8] The issues Mr. Smith raises are also "straightforward and not so complex as to require counsel's assistance."[9] And an evidentiary hearing on his Rule 60 Motion is unnecessary, and will not be held. Indeed, Mr. Smith's Rule 60 Motion was already dismissed without prejudice for lack of subject matter jurisdiction.[10] And Mr. Smith was denied a certificate of appealability.[11]

Therefore, Mr. Smith's Motion fails on its merits and is moot.

# 1  ORDER

IT IS HEREBY ORDERED that Mr. Smith's Motion[12] is DENIED.

Signed August 29, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[6] *Id.*; Order Denying Certificate of Appealability, 10th Cir. No. 21-4130, docket no. 32, filed Jan. 31, 2023.

[7] Motion; Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) ("Rule 60 Motion"), docket no. 36, filed July 28, 2025.

[8] *United States v. Lewis*, No. 97-3135-SAC, 1998 WL 1054227, *3 (D. Kan. Dec. 9, 1998); *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

[9] *Lewis*, 1998 WL 1054227, *3; *Oliver*, 961 F.2d at 1343.

[10] Memorandum Decision and Order Dismissing Without Prejudice Motion for Relief from Judgment, docket no. 37, filed Aug. 8, 2025.

[11] *Id.* at 5-6.

[12] Docket no. 42, filed Aug. 13, 2025.